25a 453
25a 454

## No. 5863.

### ALF ORR *v.* THE STATE.

PLEADING—VENUE—INFORMATION is insufficient if it fails to allege the
venue of the offense. That the complaint alleges the venue will not
supply the omission in the information.

APPEAL from the County Court of Erath. Tried below before
the Hon. W. W. Moores, County Judge.

The conviction was for gaming, and the penalty assessed
against the appellant was a fine of twenty dollars.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. There is no allegation of the venue of the
offense, and therefore the information is fatally defective. (Code
Crim. Proc., art. 430, subdiv. 5; Robins v. The State, 9 Texas
Ct. App., 666; Collins v. The State, 6 Texas Ct. App., 647; Jack
v. The State, 3 Texas Ct. App., 72.) In the complaint the venue
is properly alleged, but this does not supply the want of such
allegation in the information. (Lawson v. The State, 13 Texas
Ct. App., 83.)

Because of the defect in the information, the judgment is re-
versed; but, as the complaint is a sufficient one, another infor-
mation may be based upon it, and the prosecution is not,
therefore, dismissed, but the cause is remanded that a new in-
formation may be presented, should the county attorney see
proper to do so. (Johnson v. The State, 19 Texas Ct. App., 545.)

*Reversed and remanded.*